**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL J. DUFFY,
Plaintiff-Appellant,

v.                                                                 No. 96-1723

AL PACKER FORD, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-95-2202-HAR)

Argued: January 30, 1997

Decided: March 11, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and CLARKE,
Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark Edward McCaffrey, Baltimore, Maryland, for
Appellant. Margaret Brooke Murdock, FERGUSON, SCHETELICH,
HEFFERNAN & MURDOCK, P.A., Baltimore, Maryland, for Appel-
lee. **ON BRIEF:** Robert L. Ferguson, Jr., FERGUSON, SCHE-
TELICH, HEFFERNAN & MURDOCK, P.A., Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael J. Duffy appeals the ruling of the district court granting summary judgment in favor of Al Packer Ford, Inc., on his claim that Al Packer Ford discriminated against him in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. Sections 12101 et seq. For the reasons stated below, we affirm the district court's grant of summary judgment in favor of Al Packer Ford.

I.

Duffy was employed by Al Packer Ford as an auto-body technician for nineteen years until his termination in March 1995. On May 6, 1994, Duffy suffered a stroke which weakened the left side of his body. Although he suffered from fatigue, depression, and decreased use of his left arm and leg, Duffy continued to work in Al Packer Ford's body shop. Duffy's condition continued to worsen. Because of Duffy's deteriorating condition, Al Packer Ford adjusted his work schedule and duties. According to Duffy's physician, Duffy suffered from another stroke sometime in February 1995.

In February 1995, Duffy informed John Hofmeister, Al Packer Ford's body shop director, that he could not continue to work in the body shop and that he had to resign. Hofmeister suggested that Duffy consider selling cars instead of resigning. Duffy agreed. Duffy then contacted Richard Sherry, General Manager, and Rick Coulson, Sales Director, to discuss a possible transfer to the sales department. Duffy was told that if he were to be hired as a salesman, he would have to undergo training. Due to the trainer's illness, no training was scheduled during March or April 1995. On March 25, 1995, Duffy was informed by a payroll employee with Al Packer Ford that he had been terminated.

2

Duffy signed a Group Disability Income Statement on April 17, 1995. With this statement, Duffy submitted an Attending Physician's Statement of Disability, signed by his physician on April 19, 1995, in which Duffy's physician stated that Duffy was continuously totally disabled for life as of February 24, 1995. In his deposition, Duffy stated that, following a third stroke, his physician declared him to be permanently disabled on April 25, 1995.

Duffy filed a charge with the Equal Opportunity Employment Commission ("EEOC") alleging that Al Packer Ford terminated him because of his disability without attempting to make a reasonable accommodation. On May 31, 1995, the EEOC issued a finding that Duffy had failed to establish any violation of the ADA by Al Packer Ford. Duffy then filed this action in United States District Court for the District of Maryland in July 1995. On May 13, 1996, Senior District Judge John R. Hargrove granted summary judgment in favor of Al Packer Ford. The district court found that Al Packer had fulfilled its burden of showing no reasonable accommodation was possible because Duffy was unable to perform the essential functions of a sales position and that Duffy had failed to present any evidence to the contrary. The district court therefore concluded that Duffy had failed to raise a genuine issue of material fact as to the issue of reasonable accommodation. This appeal followed.

II.

We review the district court's finding of summary judgment de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56(c)* "after adequate time for discovery and

_____

*Rule 56 of the Federal Rules of Civil Procedure states in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

3

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). On motion for summary judgment, "`the non-moving party is entitled to have his evidence as forecast assumed, his version of that in dispute accepted, and the benefit of all favorable inferences.'" <u>Henson</u>, 61 F.3d at 275 (quoting <u>Conkwright v. Westinghouse Elec. Corp.</u>, 933 F.2d 231, 233 (4th Cir. 1991)). Accordingly, we must determine whether Duffy and Al Packer Ford have presented evidence sufficient to create genuine issues of material fact with regard to each party's respective burdens of proof, resolving all factual disputes in favor of Duffy, the nonmovant.

III.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, and privileges of employment." 42 U.S.C. Section 12112(a). The term"discriminate" includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. Section 12112(b)(5)(A). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. Section 12111(8).

The <u>McDonnell Douglas</u> burden-shifting paradigm provides the primary analysis for determining if an ADA claim should proceed and ultimately if a plaintiff has proven a violation of the act. <u>See Ennis v. National Ass'n of Bus. and Educ. Radio, Inc.</u>, 53 F.3d 55, 57 (4th Cir. 1995). Under this analysis, a plaintiff has the initial burden of demonstrating a <u>prima facie</u> case of discrimination by a preponderance of the evidence. <u>Id.</u> at 58. If the plaintiff succeeds, the burden of proof shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions against the plaintiff which would

4

support a finding by the trier of fact that unlawful discrimination did not lead to the adverse action. Id. If the defendant meets this burden of proof, the "presumption created by the prima facie case `drops out of the picture,'" and the plaintiff then carries the ultimate burden to prove that he has been the victim of intentional discrimination. Id. (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)). The district court found that the plaintiff was disabled and had met his initial burden of presenting a prima facie case. See Duffy v. Al Packer Ford, Inc., Civil No. HAR 95-2202 at 9 (D. Md. May 13, 1995). The parties have not disputed these findings.

The issue now before this Court is whether Al Packer Ford fulfilled its burden to articulate a legitimate, nondiscriminatory reason for not transferring Duffy to the sales department. Al Packer Ford presented evidence to the district court of the essential functions required of a car salesman and argued that Duffy did not meet these qualifications. Duffy now argues that the district court erred in agreeing with the essential functions presented by Al Packer and that the court improperly shifted the burden back to Duffy to prove his ultimate case.

The term "essential functions" refers to "the fundamental job duties of the employment position" and does not include"the marginal functions of the position." 29 C.F.R. Section 1630.2(n)(1). The ADA further requires that "consideration shall be given to the employer's judgment as to what functions of a job are essential. . . ." 42 U.S.C. Section 12111(8); see also 29 C.F.R. Section 1630.2(n)(3)(I). Al Packer Ford introduced to the district court answers to interrogatories by its General Manager which stated that the functions considered essential for a sales position are as follows: experience in auto sales, energy level, assertiveness, individualistic, personality which is compatible with a sales position, ability to take risks, and communication skills.

Duffy argues that genuine issues of fact remain regarding whether these functions are in fact essential to a sales position and whether or not Duffy could perform these functions. In support of his argument, he cites the deposition of Duffy's doctor which states that Duffy could communicate and evidence that Al Packer Ford has hired sales personnel without experience. Duffy argues that the remaining functions cited by Al Packer are too unwieldy to analyze in a factual

5

inquiry and that reasonable persons could differ as to whether these qualities are desirable in sales personnel.

Duffy presents no evidence to create issues of fact regarding the essential functions other than communication skills and sales experience. As stated, we are required to consider the employer's judgment as evidence of the essential functions of a position. See 42 U.S.C. Section 12111(8); 29 C.F.R. Section 1630.2(n)(3)(I). Al Packer Ford presented such evidence in the form of answers to interrogatories which can be properly considered at the summary judgment stage. Fed. R. Civ. P. 56(c). Al Packer Ford's evidence with regard to assertiveness, energy level, and the ability to take risks is undisputed by evidence. We must therefore accept Al Packer Ford's list of essential functions for sales personnel. See Martinson v. Kinney Shoe Corp, ___ F.3d ___, ___, No. 96-1555, Slip Op. at 6-7, 1997 WL 18986 (4th Cir. Jan. 21, 1997) (accepting employer's evidence of essential functions of shoe sales position when uncontroverted by employee).

Further, the facts of this case clearly demonstrate that at the time Duffy was seeking a transfer to a sales position, he was not assertive, was depressed, had difficulty making decisions, and found it difficult even to pick up a paper and pen. The district court correctly recognized that Duffy therefore could not perform the essential functions of a sales position at Al Packer Ford. Further, Duffy's disabilities precluded any reasonable accommodation which would have allowed Duffy to carry out these essential functions. Duffy is therefore not qualified under the ADA to sell cars.

It must be remembered that the McDonnell Douglas scheme of burden shifting is not to be followed with rigid precision, U.S. Postal Serv. Bd. of Govs. v. Aikens, 460 U.S. 711, 715 (1983), but is instead meant to "fine-tune the presentation of proof and, more importantly, to sharpen the focus on the ultimate question -- whether the plaintiff successfully demonstrated that the defendant intentionally discriminated against [him]." Ennis, 53 F.3d at 59. Once Al Packer Ford presented uncontroverted evidence of the essential functions of a sales position and of Duffy's inability to perform those functions with or without an accommodation, whatever presumptions were created by Duffy's prima facie case disappeared and it became incumbent upon him to present evidence that Al Packer Ford intentionally discrimi-

6

nated against him. No evidence of intentional discrimination has been presented. Duffy has therefore failed to meet his ultimate burden of proof.

IV.

Accordingly, we find that Duffy failed to raise any genuine issues of fact sufficient to survive summary judgment and that Al Packer Ford was entitled to summary judgment in its favor. The opinion and order of the district court below is therefore

AFFIRMED.

7